SAMUEL, Judge,
concurring.
In pertinent part, Code of Civil Procedure Article 2126, as amended by Act 198 of 1977, provides: “Within twenty days of the mailing of notice [of the estimated costs], the appellant shall pay the amount of the estimated costs to the clerk.” (emphasis added). This provision requires the payment of estimated costs within the twenty day period. Upon failure to pay within that time, and after hearing of a motion filed by the clerk or by any party, the trial judge, within his discretion, may: “(1) Extend the time within which the costs may be paid, not to exceed thirty days with or without penalty upon appellant or his attorney; or (2) Impose a fine, not to exceed one hundred dollars, upon the appellant, or his attorney, or both; or (3) Dismiss the appeal.”
Despite the fact that in the instant case the estimated costs were paid some 32 days late, I agree with the result reached by the majority. It appears to me that a motion to dismiss filed after the estimated costs have been paid comes too late. Appeals being favored, once those costs actually have been paid, prior to the filing of the motion, the question of payment becomes moot.
However, I only concur because I disagree with the basis for the majority’s conclusion, that the “fault of the appellant’s attorney can no longer reasonably be imputed to the appellant, since there is a separate penalty available when the fault is that of the attorney.”
The action of his attorney must be the action of the client. That is the very purpose of having an attorney, and it is the rule followed throughout the trial and appeal in any case. It was the rule adhered to by the jurisprudence prior to the 1977 amendment and I see nothing in the amendment which indicates any desire to change that rule.
The fact that the amendment permits the trial judge to impose a fine upon the appellant or his attorney, or both, simply gives the trial judge a wider field to be used in making the penalty he imposes fit the facts of the case before him. That the judge may penalize the attorney does not require that he not dismiss the appeal when the estimated costs have not been paid timely. Furthermore, it appears to me that the reasoning of the majority would destroy one of the purposes of the amendment, to accelerate appeals and avoid what has too frequently happened in the past, unconscionable delay in lodging the record on appeal.
I respectfully concur.